UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Tanea N. Baez
and other similarly situated individuals,

      Plaintiff(s),

v.

Amado's Solutions, Inc,
and Amado D. Camilo, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Tanea N. Baez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Amado's Solutions Inc, and Amado D. Camilo individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Tanea N. Baez is a resident of Hillsborough County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Amado's Solutions Inc (from now on, Amado's Solutions, or Defendant) is a Florida corporation, having a place of business in Hillsborough County, where Plaintiff worked for Defendant.

4. The individual Defendant Amado D. Camilo was and is now the owner/officer and Manager of Defendant Corporation Amado's Solutions. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint occurred in Hillsborough County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Tanea N. Baez as a collective action to recover from Defendant regular wages, overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or mTwentyore weeks

on or after September 2018, (the "material time") without being adequately compensated.

7. Defendant Amado's Solutions Amado's Solutions is a cleaning company that provides cleaning, sanitizing, and janitorial services for commercial accounts. Defendant's business is located at 1326 Stokesley Place, Wesley Chapel, FL 33543.

8. Defendants Amado's Solutions and Amado D. Camilo employed Plaintiff Tanea N. Baez as a non-exempted, full-time, hourly employee from approximately August 2015 to August 09, 2021, or more than 6 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks. Plaintiff did not work May and June 2021, and she has deducted 8 weeks from her relevant time of employment. Thus, Plaintiff is claiming unpaid wages for 143 weeks.

9. Plaintiff had duties as a cleaning employee. Plaintiff was paid a salary of $650.00 weekly in 2018, 2019 and 2020, and $500.00 weekly in 2021.

10. Plaintiff worked under the supervision of the owner of the business Amado D. Camilo.

11. While employed by Defendants, Plaintiff had a regular schedule. Within the relevant period of employment, in 2018, 2019, and 2020, or 120 weeks, Plaintiff worked 7 days per week.  She worked from Monday to Friday, from

5:00 AM to 8:00 PM (15 hours daily). On Saturdays, Plaintiff worked from 10:00 AM to 8:00 PM (10 hours), and on Sundays, Plaintiff worked from 11:00 AM to 6:00 PM (7 hours). Thus, Plaintiff worked a total of 92 hours every week.

12. From January 2021, to her last day of employment, August 06, 2021, or 31 weeks, Plaintiff worked from Monday to Friday from 5:00 AM to 5:00 PM (12 hours daily). In addition, on Saturdays Plaintiff worked from 7:00 AM to 5:00 PM (10 hours), and on Sundays she worked from 10:00 AM to 9:00 PM (11 hours daily.  Thus, in this period Plaintiff worked a total of 81 hours weekly.

13. During her entire period of employment, Plaintiff was not able to take bonafide lunchtime.

14. From 2018 to 2020, Plaintiff was paid weekly with a combination of check and cash of $650.00 weekly. In 2021, Plaintiff was paid a salary of $500.00 weekly.

15. Every year, the weekly salary paid to Plaintiff divided by the total number of hours worked resulted in an hourly wage rate below the minimum wage required by law.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. 206(a)(1).

17. Plaintiff always worked more than 40 hours, but she was not paid for overtime hours, as required by law.

18. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was paid weekly with checks and paystubs that did not show the number of days and hours worked.

21. Defendants did not pay Plaintiff and other similarly situated individuals timely, and on the regular payment day, they were always late.

22. Plaintiff disagreed with the lack of payment for regular wages and overtime hours, late payments, and she complained many times to the business owner, Amado D. Camilo.

23. As a result of Plaintiff's complaint, on or about August 9, 2021, the owner of the business Amado D. Camilo terminated Plaintiff without further explanations.

24. Plaintiff Tanea N. Baez seeks to recover regular unpaid wages and overtime wages for every hour worked over 40 during her entire employment,

retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every cleaning employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<strong><u>COUNT I:</u><br><u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u><br><u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u></strong>

28. Plaintiff Tanea N. Baez re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. Defendant Amado's Solutions was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a cleaning company and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce

or the production of goods for commerce by regularly and recurrently supplies produced out of state by using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

31. Defendants Amado's Solutions and Amado D. Camilo employed Plaintiff Tanea N. Baez as a non-exempted, full-time, hourly employee from approximately August 2015 to August 09, 2021, or more than 6 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks. Plaintiff did not work May and June 2021, and she has deducted 8

weeks from her relevant time of employment. Thus, Plaintiff is claiming unpaid wages for 143 weeks.

32. Plaintiff had duties as a cleaning employee. Plaintiff was paid  $650.00 weekly in 2018, 2019 and 2020, and $500.00 weekly in 2021.

33. While employed by Defendants, Plaintiff had a regular schedule. Within the relevant period of employment, in 2018, 2019, and 2020, or 120 weeks, Plaintiff worked 7 days per week, a total of 92 hours weekly.

34.  From January 2021 to her last day of employment, August 09, 2021, or 24 weeks, Plaintiff worked 7 days per week, a total of 81 hours weekly.

35. During her entire period of employment, Plaintiff was not able to take bonafide lunchtime.

36. From 2018 to 2020, Plaintiff was paid weekly with a combination of check and cash $650.00 weekly. In 2021, Plaintiff was paid $500.00 weekly.

37. The weekly salary paid to Plaintiff divided by the total number of hours worked resulted in an hourly wage rate below the hourly minimum wage rate required by law.

38. Plaintiff always worked more than 40 hours, but she was not paid for overtime hours, as required by law.

39. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

41. Plaintiff was paid weekly with checks with paystubs that did not show the number of days and hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good faith estimate based on her recollections and the

best of her knowledge. After discovery, Plaintiff will amend her statement

of claim accordingly.

46.* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications. *Plaintiff did not work May and June 2021 and has deducted 8 weeks from her relevant time of employment.
  *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

  a.  <u>Total amount of alleged unpaid O/T wages</u>:

    Forty-Two Thousand Six Hundred Twenty-Nine Dollars and 24/100 ($42,629.24)

  b.  <u>Calculation of such wages</u>:

    Total period of employment: More than 6 years
    Relevant weeks of employment:  151-8=143 weeks

    i.   <u>Overtime calculations 2018=15 weeks</u>
    Relevant weeks: 15 weeks
    Total hours worked:  92 hours weekly
    Total unpaid O/T hours:  52 overtime hours weekly
    Paid weekly: $650.00: 92 hours=$7.07
    Florida Min. wage 2018: $8.25 x 1.5=$12.38 O/T rate
    O/T rate $12.38:2=$6.19 half-time

    Half-time $6.19 x 52 O/T hours=$321.88 wkly x 15 weeks=$4,828.20

    ii.  <u>Overtime calculations 2019=52 weeks</u>
    Relevant weeks: 52 weeks
    Total hours worked:  92 hours weekly
    Total unpaid O/T hours:  52 overtime hours weekly
    Paid weekly: $650.00: 92 hours=$7.07
    Florida Min. wage 2019: $8.46 x 1.5=$12.69 O/T rate
    O/T rate $12.69:2=$6.35 half-time

Half-time $6.35 x 52 O/T hours=$330.20 wkly x 52 weeks=$17,170.40

   iii.   <u>Overtime calculations 2020=52 weeks</u>
Relevant weeks: 52 weeks
Total hours worked:  92 hours weekly
Total unpaid O/T hours:  52 overtime hours weekly
Paid weekly: $650.00: 92 hours=$7.07
Florida Min. wage 2020: $8.56 x 1.5=$12.84 O/T rate
O/T rate $12.84:2=$6.42 half-time

Half-time $6.42 x 52 O/T hours=$333.84 wkly x 52 weeks=$17,359.68

   iv.   <u>Overtime calculations 2021=24 weeks</u>
Relevant weeks: 24 weeks
Total hours worked:  81 hours weekly
Total unpaid O/T hours:  41 overtime hours weekly
Paid weekly: $500.00: 81 hours=$6.18
Florida Min. wage 2021: $8.65 x 1.5=$12.98 O/T rate
O/T rate $12.98:2=$6.49 half-time

Half-time $6.49 x 21 O/T hours=$136.29 wkly x 24 weeks=$3,270.96

Total i, ii, iii, and iv: $42,629.24

  c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

47. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. At times mentioned, individual Defendant Amado D. Camilo was, and is now, the owner/officer/and manager of Amado's Solutions. Defendant Amado D. Camilo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Amado's Solutions' interests concerning its employees, including Plaintiff and others similarly situated.   Defendant Amado D. Camilo had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

50. Defendants Amado's Solutions and Amado D. Camilo willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Tanea N. Baez and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Tanea N. Baez and other similarly situated individuals and against the Defendants Amado's Solutions and Amado D. Camilo, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Tanea N. Baez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Tanea N. Baez demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

52. Plaintiff Tanea N. Baez re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

53. Plaintiff, Tanea N. Baez brings this action and those similarly situated to recover from the Employers Amado's Solutions and Amado D. Camilo Vera unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

54. Defendant Amado's Solutions was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

55. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

56. Defendant Amado's Solutions was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

57. USC §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

58. Defendants Amado's Solutions and Amado D. Camilo employed Plaintiff Tanea N. Baez as a non-exempted, full-time, hourly employee from approximately August 2015 to August 09, 2021, or more than 6 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks, but Plaintiff did not work May and June 2021, and she has deducted

8 weeks from her relevant time of employment. Thus, Plaintiff is claiming unpaid wages for 143 weeks.

59. Plaintiff had duties as a cleaning employee. Plaintiff was paid a $650.00 weekly in 2018, 2019 and 2020, and $500.00 weekly in 2021.

60. While employed by Defendants, Plaintiff had a regular schedule. Within the relevant period of employment, in 2018, 2019, and 2020, or 120 weeks, Plaintiff worked 7 days per week, a total of 92 hours weekly.

61. From January 2021 to her last day of employment, August 09, 2021, or 24 weeks, Plaintiff worked 7 days per week, a total of 81 hours weekly.

62. During her entire period of employment, Plaintiff was not able to take bonafide lunchtime.

63. From 2018 to 2020, Plaintiff was paid weekly with a combination of check and cash of $650.00 weekly. In 2021, Plaintiff was paid $500.00 weekly.

64. The weekly salary paid to Plaintiff divided by the total number of hours worked resulted in an hourly wage rate below the hourly minimum wage rate required by law.

65. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. 206(a)(1).

67. Plaintiff was paid weekly with checks with paystubs that did not show the total number of days and hours worked.

68. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

69. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

70. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, defendants violated the Posting requirements of 29 USC § 516.4.

71. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable good faith estimate of unpaid wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications. *Plaintiff did not work May and June 2021 and has deducted 8 weeks from her relevant time of employment.
 *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages:</u>

Twenty Thousand Two Hundred Eight Dollars and 00/100 ($20,208.00)

b. <u>Calculation of such wages:</u>

Total period of employment: More than 6 years
Relevant weeks of employment:  151weeks - 8 weeks=143 weeks

   i.   <u>Minimum wage calculations 2018=15 weeks</u>
Relevant weeks: 15 weeks
Total hours worked:  92 hours weekly
Paid weekly: $650.00: 92 hours=$7.07 an hour
Florida Min. wage 2018: $8.25-$7.07 rate paid=$1.18 Mi. Wage diff.
Minimum wage difference 2018=$1.18 an hour

Min. wage diff. $1.18 x 92 hours=$108.56 wkly x 15 weeks=$1,628.40

   ii.   <u>Minimum wage calculations 2019=52 weeks</u>
Relevant weeks: 52 weeks
Total hours worked:  92 hours weekly
Paid weekly: $650.00: 92 hours=$7.07 an hour
Florida Min. wage 2019: $8.46-$7.07 rate paid=$1.39 Min. wage diff.
Minimum wage difference 2019=$1.39 an hour

Min. wage diff. $1.39 x 92 hours=$127.88 wkly x 52 weeks=$6,649.76

   iii.   <u>Minimum wage calculations 2020=52 weeks</u>
Relevant weeks: 52 weeks
Total hours worked:  92 hours weekly
Paid weekly: $650.00: 92 hours=$7.07 an hour
Florida Min. wage 2020: $8.56-$7.07=$1.49 Min. wage diff.
Minimum wage difference 2020=$1.49 an hour

Min. wage diff. $1.49 x 92 hours=$137.08 wkly x 52 weeks=$7,128.16

   iv.   <u>Minimum wage calculations 2021=24 weeks</u>

Relevant weeks: 24 weeks
Total hours worked:  81 hours weekly
Paid weekly: $500.00: 81 hours=$6.18 an hour
Florida Min. wage 2021: $8.65-$6.18 rate paid=$2.47
Minimum wage difference 2021=$2.47 an hour

Min. wage diff. $2.47 x 81 hours=$200.07 wkly x 24 weeks=$4,801.68

Total i, ii, iii, and iv: $20,208.00

   c. <u>Nature of wages:</u>

This amount represents unpaid min. wages at Florida minimum wage rate.

72. Defendants Amado's Solutions and Amado D. Camilo unlawfully failed to pay Plaintiff minimum wages.

73. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

74. At times mentioned, individual Defendant Amado D. Camilo was, and is now, the owner/officer/and manager of Amado's Solutions. Defendant Amado D. Camilo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act"

[29 USC § 203(d)]. This individual Defendant acted directly in Amado's Solutions' interests concerning its employees, including Plaintiff and others similarly situated. Defendant Amado D. Camilo had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

75. Defendants Amado's Solutions and Amado D. Camilo willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment.

76. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Tanea N. Baez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Tanea N. Baez and against the Defendants Amado's Solutions and Amado D. Camilo, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Tanea N. Baez and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>**

77. Plaintiff Tanea N. Baez re-adopts every factual allegation stated in paragraphs 1-27 of this complaint as if set out in full herein.

78. Defendant Amado's Solutions was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material

hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

79. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly situated regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

80. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

81. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

82. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

83. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

84. Defendants Amado's Solutions and Amado D. Camilo employed Plaintiff Tanea N. Baez as a non-exempted, full-time, hourly employee from approximately August 2015 to August 09, 2021, or more than 6 years. However, for FLSA purposes, Plaintiff' relevant time of employment is 151 weeks, but Plaintiff did not work May and June 2021 and she has deducted 8 weeks from her relevant time of employment. Thus, Plaintiff is claiming unpaid wages for 143 weeks.

85. Plaintiff had duties as a cleaning employee. Plaintiff was paid a salary of $650.00 weekly in 2018, 2019 and 2020, and $500.00 weekly in 2021.

86. Plaintiff worked under the supervision of the owner of the business Amado D. Camilo.

87. While employed by Defendants, Plaintiff had a regular schedule and she worked 7 days per week.

88. During 2018, 2019 and 2020, or 120 weeks, Plaintiff worked 7 days per week, a total of 92 hours every week.

89. From January 2021 to her last day of employment, August 09, 2021, or 24 weeks, Plaintiff worked a total of 81 hours weekly.

90. During her entire period of employment, Plaintiff was not able to take bonafide lunchtime.

91. From 2018 to 2020, Plaintiff was paid weekly with a combination of check and cash of $650.00 weekly. In 2021, Plaintiff was paid a salary of $500.00 weekly.

92. Every year, the weekly salary paid to Plaintiff divided by the total number of hours worked resulted in an hourly wage rate below the minimum wage required by law.

93. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act (29 U.S.C. 206(a)(1).

94. Plaintiff always worked more than 40 hours, but she was not paid for overtime hours, as required by law.

95. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

96. Plaintiff was paid weekly with checks with paystubs that did not show the number of days and hours worked.

97. Defendants did not pay Plaintiff and other similarly situated individuals timely and on regular payment days. Defendants were always late.

98. Plaintiff disagreed with the lack of payment for regular wages, overtime hours, and late payments, and she complained many times to the business owner, Amado D. Camilo.

99. These complaints constituted protected activity under the FLSA.

100.     Plaintiff complained to Amado D. Camilo the last time on or about Friday, August 06, 2021.  Plaintiff complained about the lack of payment for overtime hours, her minimum wage rate, and the missing payment check on payment day.

101.     As a result of Plaintiff's complaint, Amado D. Camilo requested Plaintiff not to show up for work the following Saturday and Sunday. Plaintiff returned to work on Monday, August 09, 2021, but the owner of the business, Amado D. Camilo, ordered Plaintiff to return the keys and fired her without further explanations.

102.     At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

103.     There is close proximity between Plaintiff's protected activity and her termination.

104.     The motivating factor which caused Plaintiff's discharge as described above was her complaints seeking unpaid minimum and overtime wages

from Defendants.  In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

105.    The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

106.    At times mentioned, individual Defendant Amado D. Camilo was, and is now, the owner/officer/and manager of Amado's Solutions. Defendant Amado D. Camilo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Amado's Solutions' interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Amado D. Camilo had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

107.    Plaintiff Tanea N. Baez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Tanea N. Baez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Amado's Solutions and Amado D. Camilo that Plaintiff Tanea N. Baez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Amado's Solutions and Amado D. Camilo to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Tanea N. Baez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Tanea N. Baez demands trial by a jury of all issues triable as of right by a jury.

Dated:  October 18, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*