UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-02376-KKM-AAS

Tanea N. Baez,

    Plaintiff,

v.

Amado's Solutions, Inc.,
and Amado D. Camilo, individually,

    Defendants,
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between TANEA N. BAEZ (hereinafter, "Plaintiff") and AMADO'S SOLUTIONS, INC. and AMADO D. CAMILO (hereinafter, collectively as, "Defendants"), and governs the settlement of all FLSA claims related to Plaintiff's employment with Defendants:

WHEREAS, Plaintiff alleged unpaid overtime and minimum wage compensation was due to her. Plaintiff also alleged retaliation under the FLSA;

WHEREAS, Plaintiff filed a Complaint alleging wage and hour violations of the Fair Labor Standards Act ("FLSA") in the United States District Court for the Middle District of Florida (Tampa Division), bearing CASE NO.: 8:21-cv-02376-

Doc ID: 65f460d656136c385d8c5466f9da4f3d602143bd

KKM-AAS (the "Lawsuit");

WHEREAS, Defendants deny any and all liability and/or any other wrongdoing in respect to Plaintiff;

WHEREAS, Plaintiff and Defendants wish to avoid further litigation, and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that all FLSA claims related to Plaintiff's employment are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

   **RELEASE OF FLSA CLAIMS**. In exchange for the agreement of the Defendants to comply with the terms set forth in this Agreement and for the Plaintiff complying with said Agreement, the Plaintiff covenant and agrees not to pursue the Lawsuit or any other civil action relating to the allegations in the Plaintiff's Complaint against the Defendants. The Plaintiff, her heirs, executors, personal representatives, administrators, assigns, and anyone claiming by or through her, hereby irrevocably and unconditionally expressly waives, releases, and forever discharges any and all FLSA claims

Doc ID: 65f460d656136c385d8c5466f9da4f3d602143bd

that she had or may have against the Defendants, or any of their respective owners, As further consideration, Defendants and their respective owners, officers, directors, agents, attorneys, employees or representatives, or their successors in interest expressly waive, release, and forever discharge any and all claims that they have or that they may have against the Plaintiff arising out of or in relating to Plaintiff working for Defendants.

2. **CONSIDERATION**.

   a. If Plaintiff executes this Agreement; then, in consideration of the matters set forth herein, Defendants shall pay to Plaintiff the gross total amount of $27,500.00, which shall be paid pursuant to the "Installment Payment Plan" outlined below. All payments shall be made via ECF withdrawals to Plaintiff's counsel's Trust Account, and be made by the below specified deadlines. The total payment of $27,500.00 shall be allocated as follows:

   i. $20,000.00 to Plaintiff TANEA N. BAEZ, as and for payment of any alleged unpaid overtime wages, minimum wages, liquidated damages, and any other damages allegedly due to Plaintiff pursuant to the FLSA. From this amount, $10,000.00 shall constitute payment for "wages" and $10,000.00 shall constitute payment for "liquidated damages" and any other damages claimed in this action; and

   ii. $7,000.00 to Zandro E. Palma, P.A., as payment of attorneys' fees

and $500.00 in costs, for a total of $7,500.00 in attorney's fees and costs incurred in connection with Plaintiff's claims under the FLSA, and for which IRS Form 1099 shall issue to Zandro E. Palma, P.A. This amount was negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery will not be adversely affected by the amount of fees and costs to be paid to her attorney.

b. The full settlement amount $27,500.00, which resolves all of PLAINTIFF'S claims against Defendants, including payment for attorney's fees and costs, shall be paid via an **"Installment Payment Plan"** with the "right to pre-payment" as follows. All payments shall be made via ACH withdrawals as follows:

1. A first payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before January 15th, 2022;

2. A second payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before February 15th, 2022;

3. A third payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before March 15th, 2022;

4. A fourth payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before April 15th, 2022;

5. A fifth payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before May 15th, 2022; and

6. A sixth and final payment of U.S. Four-Thousand, Five-Hundred, Eighty-Three and 33/100 Dollars ($4,583.33) due on or before June 15th, 2022;

Payments shall be made to:

Bank Name: JP Morgan Chase Bank
Account Name: Zandro E Palma, PA IOLTA
Address: 9100 S. Dadeland Blvd Ste1500 Miami Fl 33156
Account number: 690926261
Routing number: 267084131

c. **Default/Default Remedies.** In the event DEFENDANTS shall fail to make any payments when due, and upon expiration of a five (5) calendar-day cure period, PLAINTIFF and her attorney may immediately proceed with taking a Stipulated Judgment, either in State and/or Federal Court, against all DEFENDANTS, jointly and severally, for $50,000.00, minus any amounts paid, plus any attorney's fees and costs incurred in entering Final Judgment and pursuing collections in this matter. (*"Default Notice" shall be sent via e-mail to Defendants' counsel: Rashida Willhoit, Esq. at rashida.willhoit@geganoffice.com, Edmund Gegan, Esq. at edmund.gegan@geganoffice.com and Defendant Amado D. Camilo at amadocamilo1@gmail.com.with the subject line DEFAULT RE: TANEA N. BAEZ V. AMADO'S SOLUTIONS, INC AND AMADO D. CAMILO.

DEFENDANTS waive any defenses they may have to such a claim excepting the defense of timely payment within the cure period. In the event of default, PLAINTIFF may proceed immediately against all DEFENDANTS, jointly and severally, with obtaining a judgment for the Judgment amount.

d. The parties specifically acknowledge that attorney's fees and costs were agreed upon separately and without regard to the amounts paid to Plaintiff. Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement. Plaintiff agrees to the distribution of the Settlement Sum as set forth above.

e. In the event of a breach by Defendants, the Defendants agree that all payments due under this paragraph may be collected from any of the Defendants, jointly and severally, plus any attorney's fees and costs incurred in enforcing the terms of the agreement.

4. **AFFIRMATIONS**. Plaintiff affirms that she has not filed nor is presently a party to any claim, complaint, or action against Defendants in any forum or form other than the Lawsuit. Plaintiff further affirms upon payment of the amounts set forth herein, she will have been paid and/or will have received all overtime compensation, minimum wages, liquidated damages, any other damages claimed in this action, and attorney's fees and costs in connection with her claims under the FLSA.

5. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of any liability, unlawful conduct of any kind or violation by Defendants. This Agreement represents the compromise

Doc ID: 65f460d656136c385d8c5466f9da4f3d602143bd

of disputed and contingent claims.

6. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges she is aware she is giving up all FLSA claims she may have against Defendants. Plaintiff signs this Agreement voluntarily.

7. **NEUTRAL REFERENCE**. Defendants agree that if contacted by a potential employer regarding Plaintiff, Defendants will provide a neutral reference, stating only Plaintiff's employment dates, compensation and position, without reference to any claim, lawsuit, or the resolution thereof.

9. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

11. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendants. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this

Agreement.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed by the parties.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST EACH OTHER.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

01 / 14 / 2022

Dated: January _____, 2022        TANEA N. BAEZ, Plaintiff

        _____

Dated: January 14th, 2022         AMADO'S SOLUTIONS, INC.,
                                  Defendant

                                  By: _____
                                  Its: _____PRES_____

Dated: January 14th, 2022         AMADO D. CAMILO, Defendant

                                  _____

Doc ID: 65f460d656136c385d8c5466f9da4f3d602143bd



# Audit Trail

| | |
|---|---|
| **TITLE** | Acuerdo |
| **FILE NAME** | Camillo signed Settlement Agreement.pdf |
| **DOCUMENT ID** | 65f460d656136c385d8c5466f9da4f3d602143bd |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** | **01 / 14 / 2022** 15:32:26 UTC-5 | Sent for signature to Tanea Baez (aenatzeab@gmail.com) from svelez@thepalmalawgroup.com
IP: 75.74.89.99

**VIEWED** | **01 / 14 / 2022** 16:20:05 UTC-5 | Viewed by Tanea Baez (aenatzeab@gmail.com)
IP: 172.58.172.101

**SIGNED** | **01 / 14 / 2022** 16:44:49 UTC-5 | Signed by Tanea Baez (aenatzeab@gmail.com)
IP: 172.58.172.70

**COMPLETED** | **01 / 14 / 2022** 16:44:49 UTC-5 | The document has been completed.

Powered by HELLOSIGN